IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Lee Conner, #265379, )<br>               Petitioner, )<br>vs. )<br>State of South Carolina; and Henry )<br>McMaster, Attorney General for )<br>South Carolina, )<br>               Respondents. ) | Civil Action No. 6:04-22831-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The record reveals that the petitioner is currently confined at the York County Detention Center, as a designated facility for the South Carolina Department of Corrections, pursuant to an order of the Clerk of Court for York County. The petitioner was indicted at the August 1999 term of the York County Court of General Sessions for obtaining goods under false pretenses (more than $1,000), obtaining goods under false pretenses (less than $1,000), armed robbery, and possession of a weapon during the commission of a violent crime (99-GS-46-2296, 99-GS-46-2297, 99-GS-46-2298, and 99-GS-46-2299).

The petitioner was represented at the trial level by Harry Dest. On March 17, 2000, the petitioner appeared before the Honorable T. L. Hughston where he entered a guilty plea on each count under negotiated sentencing terms. He was sentenced to 10 years imprisonment on the armed robbery charge; five years, concurrent, on the weapon charge; 30 days, concurrent, on one of the false pretenses charges (more than $1,000), and two years suspended in favor of two years probation (consecutive) on the remaining false pretenses charge (less than $1,000). The petitioner did not appeal his plea or sentence.

On May 12, 2000, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

> (a)   Denied my right to due process because of poor counsel;
>
> (b)   Ineffective Assistance of Appointed Counsel.

(App. 19). The petitioner was represented by Myron B. Boloyan, but Adam Gess attended the evidentiary hearing on April 3, 2002, on behalf of Mr. Boloyan and represented the petitioner before the Honorable Lee S. Alford. At the beginning of the hearing, the petitioner amended his application, without objection, to include the following issue (verbatim):

> Petitioner has been sentenced to a term that exceeds the maximum amount allowed under the statute, under the law, in case number 99-GS-46-2297.

(App. 32). The petitioner also, on the record, personally stated his intent to abandon all other claims (App. 37-38). Judge Alford found that:

> Obtaining goods under false pretenses carries up to five years imprisonment if the value of the goods is over $1,000, but only thirty days if less than $1,000. Since the value of the goods under [99-GS-46-]2297 is under $1,000, Applicant is correct that the sentence is improper. However, for the sentence under

2

> [99-GS-46-]2296, where the goods exceeded $1,000 in value, the plea court sentenced Applicant to only thirty days on a charge that carries up to five years imprisonment.

(App. 41-42). Accordingly, the PCR judge found that the records reflected a scrivener's error on the sentencing sheets that essentially switched the proper sentences for the two obtaining goods by false pretenses charges (App. 42). He granted relief by ordering the case remanded to General Sessions for correction of the sentences "in accord with the clear intent of the sentencing judge" (App. 43).

The petitioner filed a notice of appeal. On March 17, 2003, Robert M. Pachak of the South Carolina Office of Appellate Defense filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one issue presented in the *Johnson* petition:

> Whether only the illegal sentence for false pretenses should be remanded for re-sentencing?

In an order dated July 3, 2003, the South Carolina Supreme Court denied counsel's petition to be relieved and directed appellate counsel to file a merits petition on the following issue:

> Did the PCR judge err in remanding for resentencing on both charges of obtaining goods under false pretenses when only one sentence exceeded the maximum allowed by statute?

Appellate counsel filed a petition for writ of certiorari on August 4, 2003. The Supreme Court of South Carolina denied the petition on December 17, 2003, and issued the remittitur on January 2, 2004.

On November 8, 2004, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

> **Ground One**: Violation of the Protection Against Double Jeopardy. Certified court documents clearly states "time served" on the charge of obtaining goods under false pretenses, case # 99-GS-46-2296. The judge in the appelate court rulings then remands this case and indictment number back to the court for resentencing. This is unconstitutional

> **Ground Two**: Denial of Right of Appeal. On March 19, 2003, I received a letter from the clerk office of the Supreme Court of South Carolina stating that my defense attorney had filed with the Court a Petition for Relief, stating that my appeal to the appelate court's decision to remand indictment # 99-GS-46-2296 back to the courts for re-sentencing was "without merit.
>
> **Ground Three**: Plea of guilty was made on the grounds of coercion without understanding the consequences of the plea. My attorney led me to believe that every sentence would run concurrent with the 10 years for pleading guilty to the arm robbery. Inside the court room they began to break down charges and re-arrange all previously discussed sentencing agreements. All of this happened without me understanding or knowing that I had already pled guilty to this. It was not at all what I understood, nor was it what my attorney had said.

(Pet. 5-6).

On January 11, 2005, the respondents filed a motion for summary judgment. By order of this court filed January 20, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On February 24, 2005, the plaintiff filed an untimely response to the respondents' motion for summary judgment.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. § 2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in § 2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## ANALYSIS

*Ground One*

As his first ground for relief, the petitioner claims "violation of the protection of double jeopardy" based upon the decision of the PCR court to vacate the sentences in indictments 99-GS-46-2296 and -2297 and to remand those indictments to the trial court to enter a sentence in accord with the clear intent of the sentencing judge.

As an initial matter, the respondents argue that because the petitioner failed to present this claim in state court, it is procedurally barred from federal habeas review in this action. However, even if this claim is not procedurally barred, the respondents argue that the petitioner has not established a violation of the Double Jeopardy Clause. The respondents are correct.

> The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The clause protects a defendant from being twice tried or twice punished for the same offense.

*United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998) (citing *Green v. United States*, 355 U.S. 184, 187-88 (1957)). Here, the two indictments for obtaining goods under false pretenses were remanded solely to correct a scrivener's error by which the sentences were transposed. The petitioner was neither tried twice nor punished twice for the same offense. Thus, "[t]he hallmarks of double jeopardy are not present." *Id.* (quoting *United States v. Johnson*, 537 F.2d 1170, 1174 (4th Cir. 1976)). The petitioner's first ground for relief is without merit.

***Ground Two***

As his second ground for relief, the petitioner claims that he was denied a right to appeal. Specifically, he appears to take issue with the notice of the *Johnson* petition to be relieved as counsel filed on March 17, 2003, by the attorney who represented him on his appeal to the Supreme Court of South Carolina from the order of the PCR judge:

> On March 19, 2003, I received a letter from the clerk office of the Supreme Court of South Carolina stating that my defense attorney had filed with the Court a Petition for Relief, stating that my appeal to the appelate court's decision to remand indictment #99-GS-46-2296 back to the courts for re-sentencing was "without merit.

(Pet. 5). The petitioner does not discuss this ground or expand upon these allegations in his response to the respondent's motion for summary judgment.

In fact, the *Johnson* petition to be relieved as counsel was denied, and his appellate counsel was directed to file a merits petition on the issue presented. Even if the petition had been granted, however, these allegations simply do not establish or otherwise support a finding that the petitioner was denied a right to appeal.

Moreover, this court agrees with the respondents' construction of this claim as one for "ineffective assistance of PCR counsel." Such a claim is specifically prohibited by statute:

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

28 U.S.C. §2254(i). Accordingly, the petitioner's second ground for relief is without merit.

### *Ground Three*

As his third ground for relief, the petitioner contends that he was coerced to plead guilty without understanding the consequences of the plea. Specifically, he claims:

> My attorney led me to believe that every sentence would run concurrent with the 10 years for pleading guilty to the arm robbery. Inside the court room they began to break down charges and re-arrange all previously discussed sentencing agreements. All of this happened without me understanding or knowing that I had already pled guilty to this. It was not at all what I understood, nor was it what my attorney had said.

(Pet. 6). The petitioner does not discuss this ground or expand upon these allegations in his response to the respondent's motion for summary judgment.

Again, the respondents argue as an initial matter that because the petitioner failed to present this claim in state court, it is procedurally barred from federal habeas review in this action. However, even if this claim is not procedurally barred, the

7

respondents argue that the petitioner is not entitled to relief because his allegations do not support his claim. In fact, the record establishes that the petitioner was sentenced in accordance with his understanding (App. 14). The petitioner stated to Judge Hughston that his pleas were free and voluntary, that he understood the sentencing terms and that he waived his right to a trial on the charges (App. 9).

There is no evidence that the petitioner's plea was coerced or otherwise influenced by the promise of sentencing terms and conditions that were not honored by Judge Hughston. Accordingly, this claim is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

June 29, 2005

Greenville, South Carolina